### FRANK HOLLAND v. THE STATE.

#### No. 474. Decided December 10.

1. Practice—Peremptory Challenges—Trial Jury.—It is well settled, that unless objection is shown to one or more jurors who tried the case, the ruling of the trial court who tried the competency or incompetency of such jurors will not be inquired into on appeal, even though the defendant had exhausted his peremptory challenges.

2. Continuance.— Where there is no statement of facts in the record, the appellate court has no means of determining whether the absent testimony was probably true, or whether it was material if true.

3. Same.—An application for continuance is fatally defective which fails to set out what was proposed to be proved by the absent witness.

4. Charge — Manslaughter—Absence of Statement of Facts.—In the absence of a statement of facts, it is impossible for the appellate court to determine whether or not the issue of manslaughter was involved in the case, and without such statement of facts it will be presumed that the trial court charged upon all the phases of the case.

APPEAL from the District Court of Brazoria.   Tried below before Hon. W. H. BURKHART.

Appellant was indicted for the murder of one Steve Cravey.   Upon his trial he was convicted of murder in the first degree, with a penalty assessed at death.   There is no statement of facts in the record, and the opinion of the court sufficiently states and discusses the bills of exception which were reserved by the defendant at the trial.

No brief for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—In the lower court appellant was convicted of murder in the first degree for killing one Steve Cravey, and his punishment assessed at death.   There is no statement of facts in the record. There are, however, three bills of exceptions.

The first relates to the examination of the juror G. B. O'Brien, as to his qualifications on his voir dire. The defendant peremptorily challenged the juror, and the bill of exceptions states that before the jury was completed his peremptory challenges were exhausted. The learned trial judge, in his explanation attached to the bill, says that it is allowed with this addition, that "defendant exhausted just twenty challenges, and when the last juror, G. B. Harris, was empanelled, no objection was raised to him. He was next called after defendant had exhausted his challenges. The defendant objected to no one after he had exhausted his challenges." He further states, that when the juror Harris was turned over to defendant for examination, his attorneys stated that they had exhausted all their challenges, but the court said that they could examine as to his qualifications, and nothing more was said about this juror Harris.

The rule is well settled, that unless objection is shown to one or more of the jurors who tried the case, the ruling of the trial court upon the competency or incompetency of such jurors will not be inquired into in this court, even though the defendant had exhausted his peremptory challenges. Holt v. The State, 9 Texas Ct. App., 571; Loggins v. The State, 12 Texas Ct. App., 65; Willson's Crim. Stats., 2293; Blackwell v. The State, 29 Texas Ct. App., 195.

Appellant's second bill of exceptions relates to the action of the court overruling his application for continuance. As before observed, there is no statement of facts found in the record. In reviewing the refusal of a continuance, on account of the absence of a witness, the appellate court must consider the evidence adduced on the trial for the purpose of determining whether the absent testimony was probably true, as well as whether it was material if true; and hence the necessity of a statement of facts in the record. Willson's Crim. Stats., sec. 2187. But even if we were to consider his second application for a continuance, then the application itself is defective, in that it fails to set out what he proposed to prove by the above mentioned witness, and was therefore fatally defective.

Defendant's third bill of exceptions complains of the refusal of the court to give a charge verbally requested by the defendant upon the law of manslaughter. Without a statement of the facts adduced, it is impossible for this court to say that the issue of manslaughter was involved in the case; and in the absence of a statement of facts showing such to be the case, we presume that the court charged upon all the phases of the case.

These are all the questions raised in the record as presented to us; and having found no reversible error, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.