SAM STINNETT v. THE STATE.

*No. 364. Decided January 27.*

1. **Burglary with Intent to Murder.** — See an indictment held to be amply sufficient to charge burglary with intent to murder.

2. **Charge of Court in Absence of Statement of Facts—Practice on Appeal.**—In the absence of a statement of facts, the appellate court can not possibly say whether or not certain issues should have been submitted to the jury.

3. **Same.**—On a trial for burglary with intent to murder, where the court instructed the jury that if defendant entered the house with intent to murder the prosecutrix, he would be guilty, etc., *held*, correct.

4. **Same.**—On a trial for burglary with intent to murder, it is unnecessary that the court should charge on murder in the second degree; it is only necessary, under such an indictment, to define murder and malice.

APPEAL from the District Court of Grayson.   Tried below before Hon. DON A. BLISS.

Omitting formal averments, the indictment charged, "that in said county of Grayson and State of Texas, on the 27th day of June, A. D. 1893, one Sam Stinnett, in the daytime, did, by force, threats, and fraud, break and enter a house there situate, and occupied by J. B. Snyder, without the consent of the said J. B. Snyder, and with the intent then and there, with malice aforethought, to murder Cymantha Stinnett; against the peace and dignity of the State." At the trial appellant was convicted, with the punishment assessed at imprisonment in the penitentiary for a term of six years.

There is no statement of facts in the record.

*J. W. McKinney*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was indicted for and convicted of burglary. The entry is charged to have been made with intent with malice aforethought to murder Cymantha Stinnett. The exceptions to the indictment are not well taken. It sufficiently charges the ingredients of burglary with intent to murder.

The motion for new trial criticises the charge because it defines simple and aggravated assault. In the absence of the statement of facts, we can not say this was error, and it may have been perfectly harmless, and may have been required by the evidence.

The court charged the jury, if they believed the defendant entered said house to assault said Cymantha Stinnett, with intent to murder her, he would be guilty, etc. This is urged as error. We can not concur in this view. If he entered the house with intent to commit murder, this necessarily involved the idea that the assault made in pursuance of the design would be with that intent, and falling short of actual killing, would be an assault to murder.

Nor was it error to omit a definition of murder in the second degree. It was sufficient to define murder and malice without giving a definition of both degrees of murder; for if he entered with intent to commit murder in either degree, he would be guilty under the indictment.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.