### HENRY MILLER v. THE STATE.

#### No. 2888. Decided January 27, 1904.

**Defendant as a Witness—Testimony in Examining Trial.**

It is improper for State's counsel to discuss the fact that the appellant had testified in the examining trial and that said testimony had not been introduced in evidence, when such testimony was not before the jury and appellant had not taken the stand.

Appeal from the District Court of Milam. Tried below before Hon. J. C. Scott.

Appeal from a conviction for rape; penalty, five years imprisonment in the penitentiary.

No statement necessary.

No briefs have reached the reporter.

*Howard Marlin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the rape upon a girl under the age of 15 years, the penalty assessed being five years confinement in the penitentiary.

The district attorney, making his closing speech to the jury, remarked: "Gentlemen of the jury: The defendant's counsel has brought here and introduced in evidence on the trial the evidence of old Bob Hardy, given by him on the examining trial, to contradict his evidence given on this this trial. Gentlemen, the defendant testified in his own behalf on the examining trial—where is his testimony? They have not introduced it on this trial." And turning to defendant's counsel he said, "Why did you not read the defendant's evidence given on the examining trial? I will tell you why, because his evidence showed that he was guilty." And the defendant excepted to the remarks, etc. The court states by way of explanation to this bill: "When defendant objected to the above language, I immediately sustained the objection, and told the jury to disregard the statement as there was no evidence in the case of any testimony given by defendant at the examining trial." These remarks were improper. The fact that he testified in the examining trial should not have been discussed. This is not only a statement of the fact that

defendant had testified on the examining trial, which was not before the jury, but there was a further statement that appellant's evidence given on the examining trial would have shown his guilt. These remarks, even treated from this standpoint, should not have been indulged, and the court should have promptly granted a new trial; but they go further, and if they do not directly they certainly do acutely indirectly call attention to the fact that defendant did not testify on this trial. There is another bill of exceptions reserved to the remarks of the district attorney. We deem it unnecessary to discuss that bill, inasmuch as we have reversed for the remarks reserved in the other bill. The judgment is reversed and the cause remanded.

*Reversed and remanded.*