## Will Hare v. The State.

### No. 4124. Decided April 14, 1909.

**1.—Burglary—Allusion to Former Trial—Allusion to Defendant's Failure to Testify—Argument of Counsel.**

Where upon trial for burglary the court over the objection of the defendant permitted the district attorney on cross-examination of the defendant to bring out the fact that defendant did not take the witness stand on a former trial, and also permitted the district attorney to refer to this matter, the same was reversible error, and this, although the defendant took the witness stand subsequently to said former trial. The statute is mandatory. Following Richardson v. State, 33 Texas Crim. Rep., 518; Miller v. State, 45 Texas Crim. Rep., 517, and other cases.

**2.—Same—Statement of Facts—Bill of Exceptions—Practice on Appeal.**

Where upon conviction of burglary an appeal was taken, and the matter of allusion of defendant's failure to testify was presented, in the absence of a statement of facts, by bill of exceptions, and which properly presented this question by recital of the testimony and proceeding at issue, the appellant could properly avail himself of this invasion of his rights in such manner, and if the matter was not fairly stated in said bill of exceptions it devolved upon the State to bring up the statement of facts on appeal.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. E. R. Campbell.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Branch* and *A. C. Van Velzer,* for appellant.—Martinez v. State, 48 Texas Crim. Rep., 33; Morales v. State, 36 Texas Crim. Rep., 234, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, and *W. G. Love,* District Attorney, for the State.—When a defendant at any trial during the progress of any "criminal action" takes the stand as a witness in his

own behalf, he takes himself out of the protection of the statute which forbids reference to the failure of the defendant to testify in a criminal action, and occupies the position of any other witness and may be cross-examined and subjected to the same tests and rules affecting his credibility and the weight of his evidence as would apply to any other witness.

In those States where the statute expressly limits the right of cross-examination to matters inquired about on direct examination, the rule stated in the foregoing proposition is limited to that extent. The States having these statutory limitations are California, Missouri, Oregon, Michigan and perhaps others. In every State where there are no such statutory limitations upon the right of cross-examination of the defendant, the rule above stated is universal. Bell v. State, 31 Texas Crim. Rep., 276; Hutchings v. State, 33 Texas Crim. Rep., 298; Quintana v. State, 29 Texas Crim. App., 401; Jackson v. State, 33 Texas Crim. Rep., 281; McFadden v. State, 28 Texas Crim. App., 241; Mirando v. State, 50 S. W. Rep., 714; 12 Cyc., p. 576; Staples v. State, 89 Tenn., 231; Harrold v. Territory, 18 Okla., 395; 89 Pac., 202; Pittman v. State, 51 Fla., 94; Peck v. State, 60 S. W. Rep., 389; Wharton's Crim. Evidence, 9th ed., sec. 433, and notes; People v. Dupounce, 133 Mich., 1; Cotton v. State, 87 Ala., 103; State v. Glave, 51 Kansas, 330; Lee v. State, 56 Ark., 4; Stover v. People, 56 N. Y., 315; Boyle v. State, 105 Ind., 469; McKeone v. People, 6 Colo., 346; Yanke v. State, 51 Wis., 464; State v. Huff, 11 Nevada, 17.

RAMSEY, JUDGE.—Appellant was convicted in the Criminal District Court of Harris County on the 15th day of March, 1909, on a charge of burglary, and his punishment assessed at confinement in the penitentiary for a period of three years.

1. There is no statement of facts in the record, but it appears by proper bill of exceptions that the evidence was sufficient to show that W. D. Allison was the special owner of the car alleged to have been burglarized, and that same had been burglarized in Harris County, Texas, and certain cigars of the "Optimo" brand taken therefrom, each box bearing the brand, "Rotan Grocery Company, Cigar Department, Waco, Texas, Distributors." That no eyewitness testified to the burglary, but the evidence as to the breaking was wholly circumstantial. That on the next day appellant was shown to be in possession of such cigars, of the market value of 6½ cents each, and to be selling them for 1 cent each, and that he had signed a fictitious name to a receipt to a party to whom he had sold some of the cigars, and that he had sold and offered for sale said cigars to several parties, the State's evidence being prima facie sufficient to show him guilty by circumstances. The bill also recites that at a former term of this court in December, 1908, the appellant had been tried for the same offense, and at said trial had been convicted,

and a new trial thereafter granted, and had not on such trial become a witness in his own behalf, and that on the trial from which this appeal results he was placed on the stand as a witness in his own behalf and testified in substance that he had been employed to sell said cigars by one Buck Moore, Jr., and that he did not break into said railway car, but was in bed at the time same was broken into and was not present at such breaking. There was no additional testimony adduced by him or further questions asked him by his counsel. Thereupon the district attorney asked appellant the following question: "You did not take the stand on the former trial of this case at the December term, did you?" to which question and answer sought to be elicited thereby his counsel objected on the ground that it was a reference to his failure to testify on said former trial and could not be taken as a circumstance against him. The court overruled the objection and the witness answered in the presence of the jury "No," such evidence and answer being offered by the State to show that appellant's testimony was false and a recent fabrication. A somewhat similar bill appears in the record and complains of the argument of the district attorney in discussing the fact of the failure of appellant to take the stand in his own behalf on the former trial. This argument was to the effect, in substance, that the failure of appellant to take the stand on the former trial showed that his claim was a fabrication. We think the action of the court in permitting the question to be asked and requiring appellant to answer thereto was erroneous, and that the discussion of this testimony and answer of appellant by the district attorney was also erroneous, for which the case must be reversed. Article 770 of our Code of Criminal Procedure provides that "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." It has been uniformly held by this court that this statute is broad enough to cover and does cover the proceedings on a former trial. From this ruling there has been no exception in the cases, and we have no doubt that this is a correct construction of the statute. See Richardson v. State, 33 Texas Crim. Rep., 518; Dorrs v. State, 40 S. W. Rep., 311; Bradburn v. State, 43 Texas Crim. Rep., 309; Pryse v. State, 54 Texas Crim. Rep., 23, 113 S. W. Rep., 938; Wilkins v. State, 33 Texas Crim. Rep., 320; Templeton v. People, 27 Mich., 501; Miller v. State, 45 Texas Crim. Rep., 517. It is urgently contended by the State that this statute should have no application in any case where on any trial the defendant takes the stand in his own behalf, and the proposition submitted by our Assistant Attorney-General is as follows: "When a defendant at any trial during the progress of any criminal action takes the stand as a witness in his own behalf, he takes himself out of the protection

of the statute which forbids reference to the failure of the defendant to testify in a criminal action, and occupies the position of any other witness and may be cross-examined and subjected to the same tests and rules affecting his credibility and the weight of his evidence as would apply to any other witness." We have, indeed, in many cases stated and held that when a defendant takes the stand he is subject to the same rules on cross-examination that all other witnesses are subjected to. Mirando v. State, 50 S. W. Rep., 714. This language, however, is always subordinate and to be read in harmony with the other decisions which prevent and condemn a violation of a statutory right. There is no conflict between the ordinary rule and the rule to be applied in a case like the one at bar. We think the contention of appellant, stated in his brief, is manifestly correct, and that to construe the statutory inhibition as applying only to the present *trial* would render it dangerous to any citizen's case if his counsel decided not to put him on the stand; when, if a subsequent trial was had, the State's case might be stronger and require defendant's testimony, and his previous silence (when he had a right to be silent) be used as an indication of fabrication. Such a construction would destroy the presumption of innocence. The matter has been so frequently discussed by this court and is so firmly fixed as the unbroken rule of the decisions of this tribunal, that it requires no further discussion.

2. Nor can we accede to the suggestion that because there is no statement of facts in the record, that appellant may not avail himself of this invasion of his rights. The bill of exceptions contained in the record states, in general terms, the proof on the part of the State and the nature and character of appellant's defense, and is sufficient to illustrate the contention of the respective parties, and is, as we believe, rather to be commended than condemned. It is the rule of this court, settled beyond dispute, that the statute above quoted is mandatory. Such also is the rule in other tribunals. It is thus stated in the 12 Cyclopedia of Law and Procedure, page 576: "A statute which provides that the neglect or refusal of the accused to testify shall not be commented upon by the prosecuting attorney is usually mandatory." Again, if it was thought that a statement of facts was essential to a proper review of a case, and that the matter was not fairly or fully stated in the bill of exceptions and could not be so stated, it would become the duty of the prosecuting officers to bring up the statement of facts on appeal.

For the reasons stated we think that the judgment of conviction must be reversed, and it is so ordered.

*Reversed and remanded.*