### HOOD BROWN v. THE STATE.

#### No. 40.    Decided November 17, 1909.

**1.—Rape—Statement of Facts—Questions and Answers.**

Upon appeal from a conviction of rape, where the statement of facts was made up wholly of questions and answers, and not in accordance with the law which prohibits such statement of facts, the same, upon motion of the State, was stricken from the record. Following Essary v. State, 53 Texas Crim. Rep., 596, and other cases.

**2.—Change of Venue—Caption—Constitutional Law.**

The Act of the Special Session of the Twenty-fifth Legislature, General Laws, page 16, entitled an Act to fix the venue and regulate the proceedings in prosecutions for rape, is not void under article 3, section 35, State Constitution, on the ground that the caption of said Act only states one subject: the same is sufficiently broad, not only to fix the venue, but to provide for the trial of the case in such county or counties as may be provided for by law.

**3.—Constitutional Law—Reference to Former Statute—Re-enactment.**

The Act of the Special Session of the Twenty-fifth Legislature, General Laws, page 16, is not void under section 36, article 3, of the Constitution of the State of Texas, on the ground that it does not re-enact the previous statute, as said Act is perfect in itself. Following Clark v. Finley, 93 Texas, 171, and other cases.

**4.—Allusion to Defendant's Failure to Testify.**

Upon trial for rape, where it developed that there had been a previous trial of the case, it was reversible error for the district attorney to ask the defendant on cross-examination whether this was the first time that he testified in the case, to which defendant replied in the affirmative, before counsel for the defense could interpose an objection; and this whether State's counsel propounded said question deliberately or not, and although there was no statement of facts

on file, the matter properly appearing by bill of exceptions.  Neither could the court withdraw the matter from the jury.

Appeal from the District Court of Donley.  Tried below before the Hon. J. N. Browning.

Appeal from conviction of rape; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*A. T. Cole, Stanford & Cooper, D. W. Odell,* for appellant.—On question of unconstitutionality of Act of the Twenty-Fifth Legislature with reference to change of venue in rape cases: Roddy v. State, 16 Texas Crim. App., 502; Ex parte Fagg, 38 Texas Crim. Rep., 573; Morrill v. Smith County, 36 S. W. Rep., 56; Cooley Const. Lim., 7 ed., page 202.

On the question of allusion to defendant's failure to testify: Hare v. State, 118 S. W. Rep., 544.

*F. J. McCord,* Assistant Attorney-General, and *Henry S. Bishop,* District Attorney, for the State.—On question of striking out statement of facts: Fox v. State, 53 Texas Crim. Rep., 150.

On question of allusion to defendant's failure to testify: Brazzell v. State, 33 Texas Crim. Rep., 333, 26 S. W. Rep., 723; Reed v. State, 29 Texas Crim. App., 449, 16 S. W. Rep., 99; McDanial v. State, 46 Texas Crim. Rep., 560, 81 S. W. Rep., 301; Bradburn v. State, 43 Texas Crim. Rep., 309, 65 S. W. Rep., 519; Anglin v. State, 47 Texas Crim. Rep., 109, 80 S. W. Rep., 370; Hunt v. State, 28 Texas Crim. App., 149, 12 S. W. Rep., 737; Jordan v. State, 29 Texas Crim. App., 595, 16 S. W. Rep., 543; Wallace v. State, 46 Texas Crim. Rep., 341, 81 S. W. Rep., 966; McCandless v. State, 42 Texas Crim. Rep., 655, 62 S. W. Rep., 745; Wilkins v. State, 33 Texas Crim. Rep., 320, 26 S. W. Rep., 409; Washington v. State, 77 S. W. Rep., 810; Craven v. State, 49 Texas Crim. Rep., 78, 103 S. W. Rep., 921; Combs v. State, 55 Texas Crim. Rep., 334, 116 S. W. Rep., 584.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction of rape had in the District Court of Donley County on the 12th day of January of this year, in which judgment the punishment of appellant was assessed at confinement in the penitentiary for a period of six years.

The Assistant Attorney-General moves to strike out the statement of facts for the reason that same is made up wholly of questions and answers, and is, in fact, a literal transcript of the stenographic notes taken on the trial of the case, and not in accordance with the law, which, in terms, prohibits a statement of facts from being so made up.  We have heretofore held, in accordance with this motion,

that such a statement of facts could not be considered. Essary v. State, 53 Texas Crim. Rep., 596; Hargraves v. State, 53 Texas Crim. Rep., 147.

In the absence of a statement of facts there are, as we believe, but few questions so presented that we are authorized to consider them. There are, however, some matters which are so presented that we are called on to decide them.

1. The original indictment was returned in the District Court of Potter County, and was some time thereafter transferred on change of venue by the court of his own motion to Donley County, where the case was tried. This action of the court, we infer, was taken under the authority of the Act of the special session of the Twenty-Fifth Legislature, General Laws, p. 16. This action of the court was at the time properly excepted to, and is so presented that a review of the court's action is required. Appellant challenges the validity of this Act of the Legislature insofar as it can be held to apply to this case, because, as averred, same is void for two reasons: First, because it is violative of article 3, section 35 of the State Constitution in that the caption of the Act only states one subject: that of fixing the venue, while the body of the Act attempts to fix the venue, and also provide for a change of venue; and, for the further reason that said Act is violative of article 3, section 36 of the Constitution, in that same does not refer to or re-enact any of the statutes with reference to the change of venue. The caption of the Act is as follows: "An Act to fix the venue and regulate the proceedings in prosecutions for rape." The validity of this statute, in general, has been sustained by this court, notably in the cases of Mitscher v. State, 53 S. W. Rep., 627, and Griffey v. State, 56 S. W. Rep., 52. These cases and the validity of the Act in general were thoroughly reviewed in the recent case of Dies v. State, 56 Texas Crim. Rep., 32, 117 S. W. Rep., 979, and were expressly approved. However, the particular questions raised here are not, in terms, presented in the cases above referred to. We do not believe, however, that the act in question is void for any of the reasons named. Recurring to the first objection urged, it is well settled that a liberal construction will be applied to an act of the Legislature in determining whether or not it violates this section of our Constitution. Joliff v. State, 53 Texas Crim. Rep., 61; Breen v. Ry. Co., 44 Texas, 302; Giddings v. San Antonio, 47 Texas, 548; State v. Parker, 61 Texas, 265; Morris v. State, 62 Texas, 728; Ratigan v. State, 33 Texas Crim. Rep., 301; Tabor v. State, 34 Texas Crim. Rep., 631. The doctrine is well expressed in the case of Fahey v. State, 27 Texas Crim. App., 146: "Suppose that there be more than one subject mentioned in the acts. If they be germane or subsidiary to the main subject, or if relative directly or indirectly to the main subject—have a mutual connection—and are not foreign to the main

subject, or so long as the provisions are of the same nature and come legitimately under one general denomination or subject, we cannot hold the act unconstitutional." And so where the general purport or subject is named, and the exercise of power complained of is reasonably to be gathered and comprised within the general subject, we think the act should be upheld. And so here where an act, in terms, is denominated an Act to fix the venue and regulate the proceedings of prosecutions for rape, it is sufficiently broad not only to fix the venue in the first instance, but to provide for the trial of the case in such county or counties as may be provided by law. Nor do we think the Act violative of the last article of the Constitution referred to. This section 36, article 3, is as follows: "No law shall be revived or amended by reference to its title; but in such case the act revived or the section or sections amended shall be re-enacted and published at length." In construing this section of the Constitution our Supreme Court has held that same does not apply to a law which fully declares its provisions without direct reference to any other act, though its effect is to enlarge or restrict the operation of some other statute. Clark v. Finley, 93 Texas, 171, 54 S. W. Rep., 343. Nor does same apply to an act perfect in itself and covering the subject matter of a former act. Johnson v. Martin, 75 Texas, 34.

2. There are contained in this record 55 bills of exception. In the absence of a statement of facts there is only one matter which we feel we are authorized to pass on. That is raised by appellant's thirtieth bill of exception. With a view of assuring accuracy and to present the matter so it will be readily understood, we copy entirely both the bill and the court's explanation of same, as follows:

"After the defendant, Hood Brown, had by his own counsel been placed on the witness stand, and after many and repeated references had been made to a previous trial of this case in Potter County at the county seat in Amarillo, as will be more fully shown by an inspection of the record in this case, the district attorney, H. S. Bishop, purposely and deliberately propounded to the defendant on his cross-examination and without any effort to show the disappearance of any witness or any material change in the testimony, on the former trial and on this trial, the following question by him was asked: 'This is the first time you have testified in this case, is it not?' The answer being 'Yes, sir.' The question and answer being propounded in such a short time and the answer elicited in such a short time that the defendant's counsel had no opportunity to object thereto except as heretofore shown, but instantly and immediately after the propounding of said question and while said answer was being elicited counsel for defendant arose in their seat and said to the court: 'If the court please, we object to the question and the answer for the reasons that it is a comment on the failure of the defendant to testify in the case before,' whereupon the court remarked: 'Gentle-

men of the jury, you will not consider that remark, question nor answer, I have ruled it out.' Counsel for defendant then stating that they wanted the bill to show that the question was asked in the presence of the jury and answered, to all of which proceedings, questions, answers and observations the defendant then and there in open court objected as hereinbefore shown, and he here and now says that the same was knowingly and willingly propounded to him in defiance of and in the face of article 770 of our Code of Criminal Procedure, and that without reference to the court's observations that under the facts in this case, as heretofore shown, it was an allusion on the part of the State's counsel to the failure of the defendant to testify to the great and irreparable prejudice in this case of the defendant, and he asks the court after examining this bill to allow the same and order it filed as a part of the record in this case which is here now done."

"Approved and ordered filed as a part of the record in this cause, with this explanation: 'I have no recollection of any reference being made to a former trial of the case in Potter County, except that the counsel for defendant, on cross-examination of the witness, Annie Womack, asked her something about her testimony on the trial of this case in Amarillo immediately after the objection was made as set out in the bill, the court in very forceful and emphatic language withdrew the matter from the jury and directed them not to consider the question and answer of the defendant for any purpose. The remarks in the bill as to the purpose and deliberateness of the district attorney in asking the question I think is more the imagination of defendant's counsel in preparing the bill than the facts would admit.

"I do not think the question was asked for the purpose of prejudicing the jury against defendant, and I do not think that it had one particle of effect on them. It was merely a slip of the district attorney.'"

While the court's explanation modifies to some extent the statement contained in the bill itself, we think these facts undoubtedly appear, considering both the bill itself and the court's explanation, first, that there was and had been a reference or references made to a former trial of appellant on this same charge; second (pretermitting any discussion as to whether purposeful or deliberate), the question itself assumed and implies of necessity and by obvious inference that there had been another trial of the case at which appellant would have been permitted as he had the opportunity to testify; third, that proof was made by the State that he had not testified except upon the trial then in progress; fourth, that these proceedings were had over the protest of appellant's counsel, and, fifth, that the court, as stated, in forceful and emphatic language withdrew the matter from

the jury and directed them not to consider the question and answer of the defendant for any purpose. So that the question recurs whether under these circumstances, in the absence of a statement of facts, we may and should consider this bill, and whether so considered the matters referred to are grounds for reversal.

Article 770 of our Code of Criminal Procedure provides that, "Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." As stated in the recent case of Hare v. State, 56 Texas Crim. Rep., 6, 118 S. W. Rep., 544: "It has been uniformly held by this court that this statute is broad enough to cover and does cover the proceedings on a former trial. From this ruling there has been no exception in the cases, and we have no doubt that this is a correct construction of the statute. See Richardson v. State, 33 Texas Crim. Rep., 519, 27 S. W. Rep., 139; Dorrs v. State, 40 S. W. Rep., 311; Bradburn v. State, 32 Texas Crim. Rep., 309, 65 S. W. Rep., 519; Pryse v. State, 54 Texas Crim. Rep., 523, 113 S. W. Rep., 938; Wilkins v. State, 33 Texas Crim. Rep., 320, 26 S. W. Rep., 409; Templeton v. People, 27 Mich., 501; Miller v. State, 45 Texas Crim. Rep., 517, 78 S. W. Rep., 511." In most of the cases where this matter has arisen there was a statement of facts in the record. However, in the case of Hare v. State, supra, there was no statement of facts. Notwithstanding this fact, we there said: "Nor can we accede to the suggestion that, because there is no statement of facts in the record, appellant may not avail himself of this invasion of his rights. The bill of exceptions contained in the record states, in general terms, the proof on the part of the State and the nature and character of appellant's defense, and is sufficient to illustrate the contention of the respective parties, and is, as we believe, rather to be commended than condemned. It is the rule of this court, settled beyond dispute, that the statute above quoted is mandatory. Such, also, is the rule in other tribunals. It is thus stated in 12 Cyc., p 576: 'A statute which provides that the neglect or refusal of the accused to testify shall not be commented upon by the prosecuting attorney is usually mandatory.'" We may by analogy be aided in the settlement of this question by the decisions of this tribunal in cases where charges of the court have been considered in the absence of statement of facts. It is usually a well settled rule that in the absence of a statement of the facts, if the charge is applicable to any state of facts that might be made by testimony under the allegations of the indictment, this court will assume that the court below submitted to the jury the law of the case, and all the law required by the testimony on any portion of same. Wright v. State, 37 Texas Crim. Rep., 146; Jones v. State, 34 Texas Crim. Rep., 642; Bell v. State, 33 Texas Crim. Rep., 163;

Hall v. State, 33 Texas Crim. Rep., 537; Yawn v. State, 37 Texas Crim. Rep., 205; Thurmond v. State, 37 Texas Crim. Rep., 646; Mootry & Rolly v. State, 35 Texas Crim. Rep., 450; Stinnett v. State, 32 Texas Crim. Rep., 526; Holland v. State, 31 Texas Crim. Rep., 345; Aistrop v. State, 31 Texas Crim. Rep., 467; Johnson v. State, 29 Texas Crim. App., 210; Lynn v. State, 28 Texas Crim. App., 515. This rule is based evidently on the proposition and principle, that in aid of the judgment of the court, the facts not appearing, it will be assumed that the court charged the jury the law applicable to the facts which might under the charge have been admitted. There is, however, an exception to this rule, and it is thus expressed by Judge Hurt in the case of Bryant v. State, 35 Texas Crim. Rep., 394: "In passing upon the charge of the court, the rule is that, if the charge as given was applicable to any state of facts, we must hold it sufficient, in the absence of a statement of facts, unless it contains an expression of the court as to the credibility of the witness or the weight to be given to the testimony, or unless it sums up the testimony, or contains something which is calculated to arouse the passions and prejudice of the jury against the accused." So it is held ordinarily that a bill of exceptions, in the absence of a statement of facts, must show upon its face that it contains all of the evidence introduced on the trial in regard to the matter complained of. This rule is well illustrated and stated in the case of Suit v. State, 30 Texas Crim. App., 320, where Judge Davidson uses this language: "A bill of exceptions should be full and explicit in its allegations, that the matters presented for revision may be comprehensible without recourse to inference, and its statements must be so full and certain that in and of itself it will disclose all that is necessary to manifest the supposed error. Willson's Crim. Statutes, sec. 2368. In the absence of a statement of facts the rule is, the Appellate Court will only consider errors of a fundamental nature, and it will be presumed that all the material allegations contained in the indictment were proved by competent and sufficient evidence, and only such bills of exception will be considered as can be determined without a full knowledge of all the evidence in the case." Applying these well settled principles to the case at bar we have this condition: Here is a defendant being prosecuted on a charge of rape of a woman under the age of consent. There had been some time a former trial of the case. On that trial appellant had not testified. On the trial from which this appeal results he did testify. While, in the absence of a statement of facts, we do not know judicially what his testimony was, we must assume that it related to the charge and that it is of a character which went to either a denial of the charge or possibly of a character which might have mitigated the punishment, otherwise no testimony from him would have been admissible at all; that is to say that no

court would permit testimony by a witness unless same had some relation to and was material either as a defense of the charge or in mitigation of the punishment. To sustain appellant's position we must, of course, hold that the statute is mandatory, and where proof is made that appellant did not testify on the former trial, that under any state of case made by the evidence this action was erroneous. This, we believe, to be a correct legal principle. That in no case where a plea of not guilty is entered, it is ever competent at any time or under any circumstances to make proof that appellant did not testify or that he had failed to testify on a former trial of his case. This was permitted in this case in the face of the statute. While it is true the court instructed the jury to disregard such proof and pay no attention to it, we do not think for such a grave invasion of appellant's rights we could or should under any circumstances affirm the judgment of conviction against him when that had been permitted which the law says shall not be done. If we should hold that because the court withdrew the matter from the jury that the error is cured, then in every case in which any party is tried in this State, such proof could be made and the error cured by instruction of the court not to regard same. To hold this would be to nullify the statute and to deny litigants its benefit. It is unimportant in our opinion whether in this case the question was asked purposely by the district attorney, knowing same to be improper, with a view of embarrassing defendant, or whether inconsiderately propounded without having in mind the fearful consequences and results to appellant in so doing. It is the proof and reference which the law condemns. We think for this error, even in the absence of a statement of facts, the case should be reversed, because under any conceivable statement of facts, short of an admission of guilt, such proof and reference were inadmissible, and must, under all the decisions, be treated as harmful.

For this error the judgment is reversed and the cause is remanded.

*Reversed and remanded.*