(42 South. 973.)

No. 16,244.

STATE v. RIDEAU.

(Jan. 21, 1907.)

1. CRIMINAL LAW—READING TO JURY EVIDENCE AND DECISION OF FIRST TRIAL NOT ADMISSIBLE.

The decision on first trial was excluded on the ground that it contained comments on the facts. On the second trial the issues being different in some respects, the decision enunciated no relevant principle of law. It was inadmissible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1683.]

2. SAME—RULING.

Whether counsel should be allowed to read a decision rendered on the first trial referring to facts is largely left to the discretion of the court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 1682.]

3. HOMICIDE—SELF-DEFENSE—FIRST REQUESTED CHARGE—INSTRUCTIONS.

The court was required to state an hypothetical case which assumed that an overt act had been committed at the moment of the killing.

It amounted to a conclusion which the court could decline to state.

(a) An hypothesis should not be too strongly suggestive of guilt or innocence.

(b) In the absence of an exception to the general charge, the court takes it that the judge's charge was sufficient.

(c) Not shown that the evidence warranted the requested charge. It was not shown by reference to evidence wherein the special charge requested was applicable.

(d) The judge cannot be required to repeat his charge to the jury.

(e) The judge can decline to give special instructions which require some correction or limitation.

(f) General charge presumed correct until contrary is made evident.

(g) The judge can decline to bring out particular facts having sufficiently stated the law regarding them in the general charge.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1790–1793, 2011, 2012, 2013; vol. 15, Criminal Law, §§ 2668, 2767, 3032; vol. 26, Homicide, §§ 158–163.]

(Syllabus by the Court.)

Appeal from Sixteenth Judicial District Court, Parish of St. Landry; Edward Taylor Lewis, Judge.

Zenon Rideau was found guilty of manslaughter, and appeals. Affirmed.

See 40 South. 691, 116 La. 245.

Lewis & Lewis and Kenneth Baillio, for appellant. Walter Guion, Atty. Gen., and Robert Lee Garland, Dist. Atty. (Lewis Guion, of counsel); for the State.

BREAUX, C. J. This is defendant's second appeal.

On the first trial, under an indictment charging him with murder, he was found guilty without capital punishment, and was sentenced to imprisonment for life. The verdict and sentence were reversed, and the case remanded for a new trial, on the ground that evidence to prove a hostile demonstration had been improperly excluded.

On the second trial the evidence of hostile demonstration was offered by defendant and admitted by the court.

The jury found the accused guilty of manslaughter, and the court sentenced him to serve at hard labor in the penitentiary for five years.

The accused on appeal complains of this last verdict.

We have applied ourselves to the task of considering his grounds of complaint.

At the opening of the last trial counsel for accused announced that he proposed to read to the jury the decision of this court rendered in remanding the case for a new trial, to comment upon it, and to show its applicability to the case at bar.

The proposed reading of the opinion met with the objection of the district attorney. The court sustained this objection, and refused to allow counsel to read the decision or to refer to it in argument.

For a distinct, separate, and ready reference, the court annexed the grounds of the

objection of the district attorney in a note at the end of the decision.[1]

We desire to state at the outset that we have not found that the right of the defendant has been curtailed.

The case was remanded to hear evidence that had been previously excluded. It was admitted.

The accused now complains because he was not permitted in his defense to use the decision rendered in remanding the case, which, of course, was pertinent in the prior case, but which was not, according to the opinion of the district court, pertinent in the pending case, and therefore excluded.

The last case was not the same as it was on the former trial, and it is by reason of that fact that the opinion heretofore handed down had no applicability, or could not properly have been heard.

The effect would have been to take from the jury the consideration of the facts in the pending case.

This court in the first decision dwelt upon the facts in order to illustrate its position and to give strength to its conclusion.

The facts stated in the former decision, with all the weight which the comments of the court gave to them, if admitted, would have been to say the least conflicting.

Well-reasoned authority does not lend its approval to the admissibility of decisions of a former trial.

It has been held in another jurisdiction that improper reference had been made to the line of defense on a former trial in the case.

Wells v. State (Ark. 1891) 16 S. W. 577, and other decisions referred to in Enc. of Pl. & Prac. vol. 2, p. 734.

Again, in Butler v. Slam, 50 Pa. 456, that it is not proper to read to the jury the judge's charge on the first trial.

If that be correct, it is equally as inadmissible to let an opinion of a former trial go to the jury regarding issues different from those on the second trial.

The position is taken by the learned counsel for defendant that the judge could have explained to the jury wherein the facts were different from what had been proven, or might have instructed them not to consider the issues of the pending case that were different from those of the former.

This could not be required of the court under the law. We think that the first decision was not admissible at all for the purpose for which it was offered.

If there was any principle of law in the first decision which had any bearing upon the issues of the second, it could have been invoked, but not the whole decision as proposed, which contained a statement of facts and comments thereon.

Moreover, the jury must look to the judge primarily for their law.

If the whole opinion was not admissible, an argument could not be made thereon as if the whole case had been before the court.

We are told that the reading of lawbooks is permissible before the jury. The right to read lawbooks is not as unlimited as just stated.

Wharton, in his work entitled "Criminal Pleading" (8th Ed. § 578), states that there should be discretion in the judge to prevent a disregard of instructions and to warn the jury not to take the law of the case from the books rather than from the court.

There could not go to the jury in any shape the preceding case to be followed in prefer-

---

[1] "The district attorney objected on the ground that the decision of the court, which the defendant's counsel proposed to read, contains the comment of the Supreme Court on the facts of the case, and is merely a deduction of the court from the facts as viewed by them.

"And, in the second place, because the decision enunciated no principle of law relevant to the issues of this case, and was irrelevant and inadmissible ; the principles therein laid down applying to the admissibility of evidence.

"And, in the third place, on the further ground that the jury should take the law governing the case from the court, whose duty it was to charge the jury."

ence to the pending case. Id., note 1, p. 393.

We find in the same work the following: "Reading to the jury is error on the next trial." Section 251.

The following is an excerpt from Proffatt on Jury Trial:

"The true rule was perhaps stated in a recent Texas case, where it is said that the practice of allowing counsel to read authorities to the court in the presence of the jury, during the progress of the trial, is subject to the discretion of the court, and no inflexible rule as to allowing or limiting the privilege can be prescribed."

This court has had occasion to render a decision which is pertinent on this point. From it we quote:

"We may say that the judge was perfectly right in warning the jury that the opinion of the court in the former case was not to be considered in evidence in any manner affecting the facts of the case. We have nothing to do with facts in criminal cases. * * * But it is for the jury alone to ascertain, weigh, and determine the facts independent of judges in cases in the Supreme Court."

We take it that the foregoing is good practice and one which should be followed.

Here there is no question of abuse or arbitrary power exerted. The ruling complained of only restricted the issues in the second case so that they might not be influenced by a prior case.

We come to a consideration of objection to the court's ruling in refusing to give special instructions as requested.

The instructions requested were that if it had been proven that the deceased had threatened to kill the accused, and that in the morning of the day. following the day that this threat was made the deceased had without calling or warning entered the room in which the accused slept, it was an overt act, and, if the accused had good reason to believe that his life was in danger, he had the right to take the life of the deceased, although he was unarmed as was afterward found.

Now, the fact was not brought up whether the deceased had threatened to kill the ac-

cused. There was no evidence taken down as required and made part of the bill.

Besides, the ruling would have been objectionable if the court had ruled as requested.

The instructions requested contained the statement of a conclusion as properly held by the district court, who informs us, as made evident by the charge before us, that it substantially covered all the law applicable to the case.

We excerpt the following from the general charge of the court:

"It is enough to excuse a homicide on the ground of self-defense that the motions and actions of the deceased, who had previously threatened to kill the accused or do him great bodily harm, are such when, without design, they subsequently meet, as to induce a reasonable belief that he intends then and there to carry his threat into execution, and that defendant acted upon the belief that the killing was necessary in self-protection, although it should afterward appear that there was no design on the part of the threatener to do him, the accused, an injury."

It strikes us that the foregoing complies in the main with the law upon the subject. If this charge was not all that it should have been, there was no bill of exceptions taken to it.

Counsel for defendant invokes the St. Geme Case, 31 La. Ann. 302. True, the language is different from what it was in that case, but the principle of self-defense as laid down is about the same. Whatever difference there may be is due to its being a different case from the one before us.

Again, although the court does not state in the general charge that the decision in the St. Geme Case was read to the jury, it does appear that by the words used by the court the said decision was commented upon in the pending case before the jury, and that they were fully informed regarding the principle therein laid down.

Another objection which is fatal to defendant's position is that in the sweeping instructions requested the defendant included the request to charge, which was entirely inadmissible and erroneous.

It is well settled by a number of decisions that the defendant has no right of complaint after the refusal of the court to instruct the jury in regard to a requested charge that is in part correct and in part incorrect.

We have before us the general charge, which is in the main correct, and no exception taken thereto, and we have also before us the requested charge, which for reasons before stated was at least in part not correct. The other part of the bill of exceptions which we have noted is partly, if not entirely, covered by the first part of the bill. It all relates to the plea of self-defense. All of the facts in regard thereto went to the jury. All the testimony on the subject, in accordance with the court's decision, was admitted. It remained with the jury to determine whether or not defendant acted in self-defense, and it was not incorrect in the court to decline to instruct them that an overt act had been committed. If it was the intention of the accused to obtain from the court the instruction that the deceased under the circumstances stated had committed an overt act, it was calling upon the court to go beyond the limit laid down for the instruction of juries. The principle of self-defense was explained to the jury.

The accused has been twice tried. As before stated, on the last trial the testimony regarding self-defense was heard. He was found guilty. We cannot afford him relief.

The verdict, sentence, and judgment are affirmed.