PROVOSTY, J.
Defendant was found “guilty of an assault with intent to rape,” and has appealed from a judgment of 10 years at hard labor.
He objected in vain to the prosecuting witness being allowed to testify to other assaults of his upon her at other times and places. This evidence was clearly inadmissible, and its admission vitiates the verdict.
The judge says in-his per curiam that, not remembering what was the objection made by the accused, he is unable to say that it was the same which is stated in the bill. The. rule is that the recitals of the bill as drafted *617 by counsel must be accepted as correct, unless contradicted by tbe judge. State v. Wright, 48 La. Ann. 1531, 21 South. 160; State v. Robinson, 52 La. Ann. 616, 27 South. 124; State v. Guy, 107 La. 575, 31 South. 1012. In this case the judge does not contradict the recitals. He simply cannot remember.
In his second bill defendant complains that although, in the examination in chief, he guardedly restricted bis witness to the point of whether or not the original, affidavit specified any date for the alleged offense, the witness, who was the officer before whom the affidavit had been made, was allowed to be asked on cross-examination, over his objection, whether the prosecuting witness, at the time of making the affidavit, had not specified a date, and was allowed to answer:
“The prosecuting witness said that she was uncertain as to the date. From her statement, it was in the early part of February.”
It may be this testimony was objectionable; but, whether it was or not, we cannot see what harm it can possibly have done the accused, and hence its admission, even if error, would not be ground for reversal.
Next, defendant complains of the refusal to give a special charge to the effect that the state is required to prove with certainty beyond a reasonable doubt the time, or date, at which the offense is said to have been committed.
The law is well settled that the exact time, except in cases where time is of essence, need not be proved, but that proof that the occurrence was before the finding of the indictment and within the prescriptive period suffices. Bishop on Criminal Proc. (9th Ed.) p. 247, par. 400; Rice on Criminal Evidence, p. 407, par. 254.
Next, defendant complains that the district attorney, in his closing argument, “referred to and stigmatized the defendant and his son, Philip Riggio, as ‘these brutes.’ ”
This bill is very meager, in that it does not show the connection in which the expression was used. The district attorney says that it-was as part of an argument in reply to an argument of the counsel for defendant. Be that as it may, the use of such as expression, however much to be deprecated, if not called for by the exigencies of the case, does not necessarily furnish ground for setting aside a verdict.
Next, defendant complains that the district attorney,. in his closing argument, spoke to the jury as follows;
“The district judge, on the preliminary examination, refused the accused the right of bail. Gentlemen of the jury, he is a magistrate learned in the law. He knew what he was doing, and you should take that into consideration in reaching a verdict in this case.”
This was clearly throwing the opinion and the personality of the judge into the scale against the accused, and was highly objectionable, and is manifestly fatal to the verdict. In State v. Jackson, 106 La. 413, 31 South. 52, the admission of the affidavit on which the accused had been arrested caused the setting aside of the verdict. See, also, State v. Rideau, 118 La. 386, 42 South. 973; State v. Hopper, 114 La. 558, 38 South. 452.
The judge says in the per curiam that the bill “does not contain the full statement made by the district attorney.” Such a vague statement as this on the part of the judge goes for nothing. The judge must state facts, not conclusions. He must not say that something of importance has been left out of the bill, but must mention that something, and let this court judge of its importance. State v. Wright, 48 La. Ann. 1531, 21 South. 160; State v. Robinson, 52 La. Ann. 616, 27 South. 124.
The next bill -covers a general exception to the charge as a whole, with no assignment of grounds. Citation of authority is not necessary on the point that a vague and general objection like this goes for naught.
*619 Finally, defendant complains that the jury were permitted to taire with them into their consultation room the written charge which the judge had delivered to them. We can see no good reason why this should not be done. It has often been held to be proper. 12 Oyc. 677.
Verdict and judgment set'aside, and case remanded for trial according to law.