Smithson v. State.

## P. H. Smithson *v.* State.

## '(*Nashville.*   December Term, 1912.)'

1. **CRIMINAL LAW.  Advance opinion of trial judge against reading of opinion of supreme court on former trial, with reservation of judgment until offer to read same, is not available as error where no offer to read same was thereafter made.**

Where upon the State's motion, made in advance of the introduction of any evidence, and seeking the court's advance ruling against the defendant's proposed reading of the supreme court's reported opinion on a former trial of the case, to the jury in the argument of the pending case and trial, the trial judge stated that such reading would be improper, since that opinion commented on the facts, but stated that he would rule on the question if and when the defendant's counsel offered to read the opinion, there was no available error in such stated opinion, where no offer or effort to read the opinion was thereafter made. (*Post, pp.* 359, 360.)

Case cited and approved: Smithson v. State, 124 Tenn., 218.

2. **SAME.  Same.  Trial judge's discretion to deny the reading of the supreme court's opinion on the former trial, treating of motives and facts, and such denial is not erroneous.**

It is within the sound discretion of the trial judge to refuse to permit the reading of the supreme court's reported opinion on a former trial, where such opinion commented upon the facts relating to the motives of the deceased and the accused; and there would be no error in refusing to permit such reading. (*Post, p.* 360.)

Cases cited and approved: State v. Wait, 44 Kan., 310; Brown v. State, 46 Ala., 176; Williams v. State, 83 Ala., 68; State v. Whit, 50 N. C., 224; State v. Rideau, 118 La., 385; Cannon v. State, 41 Tex., 488.

3. **SAME. Improper argument of State's counsel as to defendant's failure to testify in former trials.**

Where one of the State's counsel stated in his argument before the jury that the proof showed that the accused was afraid to testify in the former trials, that his counsel had no faith in his defense, and were ashamed to put him on the stand, such argument is reversible error where objection was made to the same, and a motion was made to exclude it from consideration by the jury, and the exclusion was made in an improper manner. (*Post, pp.* 360, 361.)

4. **SAME. Same. It is improper for State's counsel to comment on defendant's failure to testify in former trial.**

The statutory provision (Shannon's Code, sec. 5601), that the failure of the accused to testify in his own behalf shall not create any presumption against him, applies to his former trial, as well as to his pending trial, so as to make it improper for the State's counsel to comment on the failure of the accused to testify in his former trial or trials. (*Post, pp.* 361, 362.)

Code cited and construed: Sec. 5601 (S.).

Cases cited and approved: Staples v. State, 89 Tenn., 231; Bunckley v. State, 77 Miss., 540; Brown v. State, 57 Tex. Cr. R., 269; Taylor v. Commonwealth, 117 Ky., 214.

5. **SAME. Same. Same. Error of improper argument is not cured by trial judge's exclusion, with expression of opinion that it was legitimate.**

The error and harmful effect of improper argument is not cured by the trial judge's exclusion of the same from the consideration of the jury, where his ruling was accompanied with the expression of his opinion that such argument was legitimate. (*Post, p.* 362.)

---

FROM WILLIAMSON.

---

Appeal from the Circuit Court of Williamson County. —DOUGLAS WIKLE, Judge.

J. C. EGGLESTON, E. M. HEARN, and D. E. McCORKLE, for Smithson.

ASSISTANT ATTORNEY-GENERAL FAW, for State.

———

Mr. JUSTICE WILLIAMS delivered the opinion of the Court.

This case is before this court a second time, on a conviction at a third trial for the crime of manslaughter and assessment of punishment at two years in the penitentiary.

The opinion of this court on the former appeal is reported in 124 Tenn., 218, 137 S. W., 487, 36 L. R. A., (N. S.), 397. On the trial in the court below, counsel for State, in advance of the production of any evidence, asked that the jury be caused to retire, in order to a submission to the trial judge of a motion. In the absence of the jury, counsel for the State stated that they had been informed that counsel for defendant purposed reading to the jury in the argument of the case this court's opinion so reported, that the prosecution objected to such reading, and it was moved that the court rule in advance respecting same. The court stated that such reading would be improper, since this court in that opinion commented on the facts relating to the motives of the deceased and of plaintiff in error, as disclosed on such former trial, but stated that he would rule on the question if and when the defendant's counsel offered to read the opinion, which they had just asserted their intention to do. Thereafter there was no such offer

or effort made. For this reason there is no error, under the assignment.

But, on broader grounds, the ruling of the trial judge was not erroneous, in that it was within his sound discretion to deny the reading of the opinion so treating of facts and motives; and we think his indicated ruling would have been far from being improper. 2 Enc. Pl. & Pr., 710, citing *State* v. *Wait*, 44 Kan., 310, 24 Pac., (354; *Williams* v. *State*, 83 Ala., 68, 3 South., 743; *Brown* v. *State*, 46 Ala., 176; 1 Stand. Enc. Prac., 811, 814; *State* v. *Whit*, 50 N. C., 224, 72 Am. Dec., 533; *State* v. *Rideau*, 118 La., 385, 42 South., 973; *Cannon* v. *State*, 41 Tex. Cr. R., 488, 56 S. W., 351.

Another assignment of error, here to be treated of, relates to alleged misconduct of counsel of the State and the trial judge touching the argument of the case before the jury.

The facts appear to be: While the plaintiff in error was on the witness stand on his last and third trial before a jury, he was asked by counsel of the State whether, at the committing trial before the justice of the peace or at any time before his second trial before a jury, he had ever publicly said that he killed deceased, but did it in self-defense; and attention was directed to his opportunity to have so stated on the first trial.

On cross-examination, by way of rebuttal, plaintiff in error, in answer to questions by his own counsel, explained that on his preliminary examination, and on his first trial before a jury, no testimony whatever was introduced in his behalf.

In his argument before the jury, one of the counsel for the State told the jury that the proof showed that plaintiff in error was afraid to go on the stand on such former trials; that his counsel had no faith in his defense, and were ashamed to put him on the stand.

Objection was made to this line of argument, and a motion was made to exclude it from consideration by the jury. The trial judge did exclude it, but in doing so said that in his opinion the argument was legitimate. This we hold to have been manifest error.

It is argued at the bar in behalf of the State that the provisions of our statute permitting a defendant in a criminal cause on his request to testify, and providing, that "the failure of the party defendant to make such request and to testify in his own behalf shall not create any presumption against him." (Code, Shannon, sec. 5601), should be construed to have application only to such failure in the particular trial, in so far as that comment by State's counsel on defendant's failure to take the stand on a former trial is not improper, when that is proven as a fact in the particular trial. We think this view too narrow. The policy of the statute is to protect a defendant against argument based on such failure (*Staples* v. *State*, 89 Tenn., 231, 14 S. W., 603), whether that failure occur in the immediate trial, or in a former trial. To hold otherwise would be to put on a defendant the hazard of foreseeing in the earlier trial the effect in a subsequent trial of such failure; whereas the policy of the statute is to protect him in the trial in which he is first put to his election, as well

as in a later trial. *Taylor* v. *Com.,* 117 Ky., 214; *Bunck-ley* v. *State,* 77 Miss., 540, 27 South., 638; *Brown* v. *State,* 57 Tex. Cr. R., 269, 122 S. W., 565.

The error was not cured by the ruling of the trial judge, accompanied, as it was, by an approval of the argument as legitimate. For this, and another error noted in the judgment of this court, the case is reversed.