STATE OF IOWA, Appellee, v. CHARLES BREWSTER, Appellant.

No. 39361.

NOVEMBER 20, 1928.

*Baker & Doran* and *John E. Holmes,* for appellant.

*John Fletcher,* Attorney-general, and *Carl S. Missildine,* County Attorney, for appellee.

WAGNER, J.—The charge against the defendant is that of rape, alleged to have been committed upon the prosecutrix, forcibly and against her will.

One of the contentions of the appellant is that the place of the commission of the offense was not established by the evidence as being in Polk County. One of the witnesses for the State testified, in substance, that the place of the crime was about one mile west of Fort Des Moines, and that it was about two blocks south and one block east of the paved road which runs in a westerly direction from said fort, and that she knows that said place is in Polk County. Thus, the venue is clearly established as being in Polk County, and the aforesaid contention of the defendant is devoid of merit.

The defendant complains that the evidence is insufficient to support the verdict. The crime charged involves force on the part of the assailant, and the utmost resistance on the part of the prosecutrix. *State v. Ward,* 73 Iowa 532. The phrase "the utmost resistance" is a relative one, and the resistance may be more violent and prolonged by one woman than by another, or in one set of attending physical circumstances than in another; but whatever the circumstances may be, there must be the greatest effort of which the woman is capable, to foil the assailant and preserve the sanctity of her person. *State v. Morrison,* 189 Iowa 1027.

"From the authorities as a whole, it fairly appears (1) that resistance by the female is an issue in a trial for rape only as it is involved in the necessary proof of her want of consent; (2) that, to show such unwillingness, her resistance must be proportionate to the occasion, under the circumstances, and at the time of the act complained of: that is to say, in ordinary cases, there

must be resistance to the utmost, or at least to the extent of her ability * * *." *State v. Cowing,* 99 Minn. 123 (9 Ann. Cas. 566).

Therefore, if, under the aforesaid rules of law, the jury were warranted in finding force on the part of the defendant, and resistance on the part of the prosecutrix to the extent of her ability, under the existing facts and circumstances, then the evidence is sufficient to support the verdict. There is no question of the want of evidence corroborative of the prosecutrix, tending to connect the defendant with the offense.

The prosecutrix testified as to the completed act of sexual intercourse, while the defendant denies the same. That question was certainly for the determination of the jury.

We have read the record with care, and no useful purpose would be served by setting out the evidence in detail. It is sufficient to say that, from the facts, as revealed by the record, the jury could well find, as they did, force on the part of the defendant, and resistance on the part of the prosecutrix to the extent of her ability, and by reason of such resistance, lack of consent by her.

The defendant lays great stress, in his argument, on the fact that the dress of the prosecutrix was not torn. It is apparent that, in cases of forcible rape, with the dresses the length which is in accordance with the fashion of to-day, they are not nearly so apt to become torn as in the olden days, when Dame Fashion brought the dresses to the ankles. What is said about torn garments in the early cases when the long dress prevailed, can hardly be applicable to the present-day fashions. The untorn short dress of the prosecutrix is not sufficient to overcome all of the other evidence tending to establish the guilt of a depraved character in making a forcible attack upon the virtue of womanhood.

The evidence in the case is much stronger as against the defendant than was the testimony in *State v. Geier,* 184 Iowa 874, wherein we held the evidence sufficient for conviction. The defendant relies upon *Reinwaldt v. Hulsebus* (Iowa), 195 N. W. 216 (not officially reported), and the cases therein cited; and so does the State. It is true that in that case we disregarded such expressions as "pulled me" and "dragged me," and said that

such expressions should not be permitted either to take the place of evidence of facts or to override the detailed facts described by the witness. It is obvious from the record of the evidence that the instant case is clearly distinguishable from that case: for, all such expressions being disregarded, there was evidence that the prosecutrix in this case screamed for help and fought with her hands; that he had forced her legs apart, and, over all protestations and pleadings, he held his hand over her mouth and nose, smothered and overpowered her, and accomplished his evil purpose. Under the facts and circumstances of this case, it was for the jury to say whether the act was committed by force, and against every resistance which, under the circumstances, she was capable of rendering.

The sole remaining complaint of the appellant is that the county attorney, in his closing argument to the jury, was guilty of misconduct which was prejudicial to the defendant. The alleged objectionable language is:

"Mr. Baker [attorney for appellant] called the defendant a man. Call that man a man? Yes, I will call him a man, because it would be an insult to a brute to call him a brute. Why, he would get down in the grass and wiggle around on his belly with the snakes; he would get down and crawl with the snakes and let them spit in his face and spit venom on his body."

This much of the county attorney's argument was made of record, and the defendant excepted thereto, and asked that the jury be instructed not to consider such argument in arriving at their verdict; but the court made no ruling thereon, saying, "You may proceed with the argument." This matter was again presented to the trial court in the motion for new trial, which was overruled. No record was made of the argument that was made to the jury in behalf of the defendant. However, it is apparent that the foregoing argument by the county attorney was in response to language used in argument by the attorney for the defendant; but what language was used by the attorney for the defendant, to which this argument was made in reply, is not shown, other than what the reply itself discloses. Also, this response by the county attorney was undoubtedly prompted by the testimony relative to the act of intercourse by force with the

prosecutrix during her menstrual period, and the indecent alternative proposition submitted by the defendant to the prosecutrix, wherein he said: *"I will show you I am a man, and give you a choice between two things,"* etc. In *People v. Lambert,* 144 Mich. 578 (108 N. W. 345), *State v. Allen,* 174 Mo. 689 (74 S. W. 839), *State v. Riggio,* 124 La. 614 (50 So. 600), being cases somewhat similar to the instant case, the attorney for the State in his argument referred to the defendant as a brute; and it was held that the alleged abusive language, under the circumstances, as disclosed by the evidence, did not constitute reversible error. In 16 Corpus Juris 910, it is appropriately stated that the better rule seems to be that, if the facts are in evidence which prove, or tend to prove, that defendant is a bad character, it is not error for the prosecuting attorney to employ epithets, although abusive, in referring to him. It can hardly be claimed that the defendant, as shown by his conduct revealed by the record, is possessed of the principles of manhood. It is not claimed that there was any misstatement of the testimony by the county attorney. In *State v. Biewen,* 169 Iowa 256, we said:

"'We may well assume that counsel for defendant had appealed to the jury in behalf of their client, and had marshaled every fact and inference in his behalf; and we are not ready to say that it is improper practice for the State to meet them with argument of like character. 'Within reasonable limits, the language of counsel in argument is privileged, and he is permitted to express his own ideas in his own way, so long as they may fairly be considered relevant to the case which has been made. No lawyer has the right to misrepresent or misstate the testimony. On the other hand, he is not required to forego all the embellishments of oratory, or to leave uncultivated the fertile field of fancy.' "

The trial court heard the testimony, and the argument of defendant's attorney, both of which prompted the reply argument of the county attorney; and while it would have been more in keeping with his official character if the county attorney had refrained from using some of the words which he did use, yet, under the facts, as disclosed by the record, the language was not such as to justify us in ordering a new trial of the case. *State v.*

*Brandenberger,* 151 Iowa 197; *State v. Thomas,* 135 Iowa 717; *State v. Burns,* 119 Iowa 663.

Prosecutors should refrain from heaping unnecessary abuse upon the defendant. The language used by the county attorney was indeed strong and forceful. It is impossible to draw a dividing line as between proper and improper argument which is applicable to all cases. What may be proper argument under the record of one case may be improper language under the record of another case. All that we hold at this point is that, under the record of this case, the claimed improper argument by the county attorney is not sufficient to justify a reversal of the case and the ordering of a new trial.

Since we find no reversible error in the record, the judgment of the trial court is hereby affirmed.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.