### JOHN SWILLEY V. THE STATE.

No. 3103.  Decided April 29, 1914.

</div>

**1.—Murder—Continuance.**

In the absence of a bill of exceptions, the overruling of a motion for continuance can not be reviewed on appeal.

**2.—Same—Evidence—Reproduction of Testimony—Continuance.**

Testimony of absent witnesses given at a former trial can not be reproduced or put in evidence except in those cases where the witnesses have since died, gone beyond the jurisdiction of the court, or kept away by the connivance of the defendant, and where it was shown that the witnesses were within the jurisdiction of the court, testimony given at the habeas corpus or inquest trial could not be reproduced by either party, nor should the State have been permitted to show in connection with their testimony at a former trial, that defendant had applied for a continuance on account of their absence.

**3.—Same—Evidence—Defendant as a Witness.**

Upon trial of murder, it was improper on cross-examination of defendant to ask him whether or not he had testified at the habeas corpus trial, as a failure to do so was not a circumstance against him. Following Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W. Rep., 565.

**4.—Same—Charge of Court—Disjunctive.**

Where, upon trial of murder, the court's charge could not be construed that it required the jury to believe both of the defendant's defensive theories to entitle him to an acquittal, when taken as a whole, there was no reversible error, although the use of the disjunctive would have made the charge clearer.

Appeal from the District Court of Jasper. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Bisland, Adams & Bruce,* for appellant.—On question of asking defendant whether or not he had testified on habeas corpus proceedings: Richardson v. State, 33 Texas Crim. Rep., 518; Dorrs v. State, 40 S. W. Rep., 311; Bradburn v. State, 43 Texas Crim. Rep., 309; Pryse v. State, 54 id., 523; Wilkins v. State, 33 id., 320; Miller v. State, 45 id., 517.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—The offense alleged in the indictment was committed in Orange County and tried in Jasper County on a change of venue.

When the case was called for trial appellant moved to continue the case on account of the absence of three witnesses, J. P. Crain, Mrs. M. J. Reed, and Albert Cram, all of whom are stated to reside in Orange County, Cram being alleged to be temporarily out of the State. The record discloses that Crain and Mrs. Reed did live in Orange County and were absent on account of sickness. As there was no bill of exceptions reserved to the action of the court in overruling this motion, it is not presented in a way we can review the matter.

Appellant does not deny that he killed Ed Rosenbaum, but admits he did so, stating that while he was asleep Rosenbaum came into his room and had stolen his purse from his pocket; that he awoke and grappled with Rosenbaum, and charged him with the theft, which Rosenbaum de-

nied; that a struggle ensued, when Rosenbaum rushed out of the door, grabbed a shotgun sitting near the door and attempted to shoot him, when he, appellant, shot deceased with a Winchester, thus presenting two grounds of justifiable homicide—one self-defense, and the other robbery and killing the thief while in the presence of the person robbed. Appellant in his application stated facts he expected to prove by the absent witnesses which would tend to support his theory of self-defense—that is, they arrived at the scene of the homicide shortly after the shooting, and they saw a gun lying on the ground where appellant testified deceased was when he attempted to shoot him.

Of course, this application for a continuance was not admissible in evidence on the trial of the case for appellant for any purpose, nor did he offer it in evidence. The jury should not and did not know anything of the contents of such application until the happening of the hereinafter cited occurrences. Appellant took the stand in his own behalf and testified to a state of facts tending to support the above two pleas of justification. On cross-examination the prosecuting officers were permitted to read in the presence of the jury a portion of appellant's application, and ask appellant if he was not present at the inquest proceedings and hearing of this case on habeas corpus and heard the witnesses testify on one or the other two proceedings, and then over objection he was compelled to tell what he heard these witnesses testify at these trials. We do not deem it necessary to state all this reproduced testimony; it is sufficient to state that a portion thereof was highly injurious to appellant and in direct conflict with a portion of his testimony on this trial. Testimony of absent witnesses given at a former trial can not be reproduced or put in evidence except in those cases where the witnesses have since died, gone beyond the jurisdiction of the court, or kept away by the connivance of the defendant. The record shows that two of the witnesses were then in Orange County, sick, and within the jurisdiction of the court. The other witness was only temporarily absent from the State, his family still residing in Orange County. Under such circumstances testimony given at either the habeas corpus trial or the inquest could not be reproduced by defendant or any other person, and the fact that he had applied for a continuance on account of their absence did not authorize the State to reproduce their testimony on this trial. These matters are complained of in several bills of exception, but we have passed on them jointly, for under the record in this case none of the reproduced testimony was admissible. And, of course, the testimony being inadmissible, the charge in regard thereto was improper. It was not admissible to affect the credit of defendant, nor for any other purpose, the witnesses being alive and within the jurisdiction of the court.

Again it was improper for the district attorney to ask the witness whether or not he testified at the habeas corpus trial. He had the right to testify or not, as he saw proper, and the fact he did not deem it necessary nor advisable to testify on the habeas corpus hearing would not be

a circumstance against him. Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W. Rep., 565, and cases there cited.

Appellant complains that the charge taken as a whole would bear the construction that the court instead of instructing the jury that if they believed either of the defensive theories of justification, required them to believe both before he would be entitled to an acquittal. While in one paragraph of the court's charge it would seem that the criticism was just, yet the charge taken as a whole we do not think would bear this construction, nor would the jury be misled wherein the court instructed the jury that if they believed the robbery theory they would acquit, "and" if they believed the self-defense theory they would acquit. Perhaps if the word "or" had been used in the beginning of this second paragraph the meaning would be more clear, and on another trial the court will so word his charge as to be free from this criticism.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*