T. J. SCROGGINS v. THE STATE.

No. 8689. Decided June 18, 1924.

**1.—Rape—Female under the Age of Consent.**

Where, upon trial of rape upon a female under the age of consent, the record on appeal showed that the court below was in error in declining to grant appellant a new trial in order that he might have the benefit of his wife's evidence upon the issues which were pertinent, and also the testimony of the physician whose evidence tended to support appellant's denial that

he had ever had improper relations with the prosecutrix, the judgment must be reversed and the cause remanded.

### 2.—Same—Allusion to Defendant's Failure to Testify.

Where the record on appeal showed that there had been an examining trial at which appellant did not testify, and while he was upon the witness stand in the instant case, counsel who had been employed to prosecute asked upon cross-examination: "This is the first time you have testified in this case, isn't it?", to which he answered, "Yes, sir" before counsel for appellant had time to object, and notwithstanding the court's ruling in sustaining the objection, counsel for the State further asked: "When they had an examining trial, were you suffering from lock-jaw or any impediment to your speech?" to which objection was promptly sustained, but counsel persisted with another question: "Why didn't you tell the court up there at that examining trial what you have told the jury here?" to which also objection was sustained, the same is reversible error. Following: Richardson v. State, 27 S. W. Rep., 139, and other cases.

Appeal from the District Court of Anderson. Tried below before the Honorable Ben F. Dent.

Appeal from a conviction of rape upon a female under the age of consent; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Clay Cotten,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney and *J. N. Davis, H. Justice,* and *J. D. Pickett,* for the State.

HAWKINS, JUDGE.—Appellant is under conviction for rape, the punishment being twenty years confinement in the penitentiary.

The alleged injured female, Mable Clay, was a stepdaughter of appellant. She was about fourteen years of age at the time of the trial. Appellant, his wife and the daughter lived some distance from the town of Malakoff. Appellant took prosecutrix to Malakoff in a wagon where she was to take the train and pay a visit to her sister, Mrs. Hightower, who was living in Navarro County. Prosecutrix testified that appellant had two acts of intercourse with her on this trip, one of which she claims to have occurred at the hotel in Malakoff about four o'clock in the morning just before she got up to catch the early train. She also testified that her stepfather had been having habitual sexual relations with her since she was about ten years old, but could not specify the place where any of such acts occurred other than the two claimed to have occurred on the trip to Malakoff. Appellant sought a coninuance on account of the absence of his wife who was confined to her bed with an attack of rheumatism. There is no question as to the diligence used to secure her attendance. By her appellant expected to prove that prosecutrix had lived with her and appellant since their marriage; that witness had washed the garments of prosecutrix during all this time and had never dis-

covered on them any stain or discoloration of any kind which would indicate sexual relations with any person; that she had never noticed any familiar conduct between appellant and prosecutrix which would indicate improper relations existing between them. The record discloses that complaint was not made by prosecutrix until she reached the home of the Hightowers in Navarro County; that their relations with appellant were of an unfriendly character. Neither appellant nor his wife after the date of this alleged assault had an opportunity to talk to prosecutrix, whose return home was prevented by the Hightowers who kept her under their control. Appellant also expected to prove by his wife that as soon as she heard of the reported assault she went to Navarro county; that prosecutrix upon seeing. her said, "Mama, they (referring to the Hightowers) won't let you talk to me or say anything to me, but papa hasn't wronged me in any way." The wife would have further testified that at this time she requested that a medical examination be made of the prosecutrix but Mr. and Mrs. Hightower declined to have it done. The record further discloses that during the progress of the trial, and without any notice whatever to appellant, prosecutrix was examined by a physician which fact for the first time became known to appellant and his counsel upon her cross-examination, but she denied any knowledge as to the name of the physician who had examined her. This doctor was not called as a witness by the State although he made the examination at the request of counsel who had been employed to prosecute, and who presumably knew the result of the examination. Appellant learned after the verdict of the jury was returned that the examination was in fact made by Dr. R. H. McLeod. He was tendered as a witness upon hearing the motion for new trial and the substance of his testimony incorporated in the bill of exception; it is that he examined prosecutrix at the instance of counsel representing the State; that he found the hymen had not been ruptured, lacerated or torn but was intact; that he was unable to expand the vagina to the extent of one inch. This statement of the physician was not controverted in any way.

Under the facts of the case there is no question in our minds that the court was in error in declining to grant appellant a new trial in order that he might have the benefit of his wife's evidence upon the issues which were pertinent, and also the testimony of the physician whose evidence tended to support appellant's denial that he had ever had improper relations with prosecutrix. Our able State's Attorney admits in his brief that the court was in error in the particulars mentioned stating that in justice the judgment should be reversed and the cause remanded. We are in entire accord with him in this view of the matter.

Another matter appears by bill of exception to which we desire to advert. There had been an examining trial at which appellant did

not testify. While he was upon the witness stand in this trial counsel who had been employed to prosecute asked upon cross-examination this question: "This is the first time you have testified in this case, isn't it?" Before counsel for appellant had time to object to the question he answered, "Yes, sir." Objection was made to the question and answer, which the court immediately sustained and instructed the jury not to consider either. Immediately, and notwithstanding the court's ruling, counsel asked the following question; "When they had an examining trial at Malakoff were you suffering from lockjaw or any impediment to your speech?" Objection to this question was promptly sustained, but counsel persisted in pursuing the subject with another question: "Why didn't you tell the court up there at that examining trial what you have told the jury here?" This question was also objected to and sustained. It would be charitable to account for such conduct by assuming that counsel was not aware of Article 790 of our Code of Criminal Procedure and the construction given it by this court; but we would not be warranted in an assumption that would reflect upon the knowledge and ability of learned counsel, and are therefore entirely at a loss to understand why an error of this kind should with persistent deliberation be injected into a record in the very face of the statute and the opinions of this court construing it. A conviction thus obtained is a fruitless victory; the temporary satisfaction thus secured never justifies the violation of a positive statutory inhibition; justice is not subserved thereby, but is frequently thwarted altogether. Article 790, C. C. P. reads as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause; provided, that where there are two or more persons jointly charged or indicted, and a severance is had, the privilege of testifying shall be extended only to the person on trial."

There are numbers of opinions holding that it is violative of this statute for counsel for the State to refer, not only to the failure of a defendant to testify on pending trial, but to so refer to or comment on his failure to testify at any prior trial, even though it may have been upon a preliminary hearing. We do not comment upon the matter further than to cite the following cases upon the point at issue. Richardson v. Satte, (Tex. Crim.) 27 S. W., 139; Wilson v. State, 54 Texas Crim. Rep., 505, 113 S. W., 529; Dorrs v. State, 40 S. W., 311; Gaines v. State, 53 S. W., 625; Eads v. State, 147 S. W., 593; Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W., 565; Swilley v. State, 75 Texas Crim. Rep., 409, 166 S. W., 733.

For the errors committed, this judgment must be reversed and the cause remanded.

*Reversed and remanded.*