# DECEMBER 20, 1933

### ELBERT BRADFORD V. THE STATE.

No. 16017.  Delivered June 14, 1933.
State's Rehearing Granted October 18, 1933.
Appellant's Rehearing Denied December 20, 1933.
Reported in 66 S. W. (2d) 320.

The opinion states the case.

*L. H. Flewellen,* of Ranger, and *Frank Sparks,* of Eastland, for appellant.

*Ben J. Dean,* Dist. Atty., of Breckenridge, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Cattle theft is the offense; punishment, 2 years in the penitentiary.

It seems from the testimony of the state that one G. A. Guess had lost a head of cattle on or about the 8th day of January, 1932. On the trial of the case the state offered in evidence a written confession of the appellant to the effect that on January 8, 1932, he, together with one E. E. Barnes, had gone to the said Guess' pasture in a car. They left the car by the road and walked over to a straw stack in the pasture where there were several head of cattle bedded down around the stack and the said E. E. Barnes shot one of them and both of them skinned it and left the horns and skin there and carried the meat back to the car in the road and then took it to Ranger. The confession was to the further effect that the appellant ate some of the meat at Barnes' house and the said Barnes peddled the balance around Ranger. The state also offered in evidence circumstances showing that the appellant was one of the persons who had taken said head of cattle.

The appellant pleaded not guilty and filed a plea for a suspended sentence. He also offered evidence as to his good character in the community in which he lived, and also evidence that he had never before been convicted in this state or any other state of a felony. He also offered evidence tending to show that the confession was not freely and voluntarily made. The question as to whether said confession was freely and voluntarily made was submitted to the jury in the court's charge.

By bill of exception No. 11 it is shown that the state in rebuttal offered in evidence, over the appellant's objection, the testimony of C. O. Hamlin, Presiding Judge in the trial of said case, who testified that he was judge of the 90th Judicial District of Stephens County and as such judge presided in the trial of the case of the State of Texas v. E. E. Barnes; that the appellant herein, Elbert Bradford, was called as a witness for the state in the trial of the case and the said Elbert Bradford refused to testify in the said E. E. Barnes case. The appellant

moved the court to strike the testimony elicited in reference to the failure of the appellant to testify in the said Barnes case upon the ground that the testimony of the witness brought before the jury the fact that in the E. E. Barnes case the appellant herein refused to testify. The court overruled appellant's motion to strike the testimony from the record, to which the appellant excepted and reserved his bill of exception.

Appellant filed no plea claiming immunity and raised no issue as to his having been granted immunity if he made a confession. The question of immunity was not an issue in the case, the only issue being as to whether or not the confession was admissible under the law governing confessions. As said in the case of Lopez v. State, 12 Texas App., 27, the fact that appellant might have agreed to turn state's evidence and testified to the facts confessed against another person would not operate to destroy the legality and admissibility of such a confession should he afterwards repudiate the agreement, but such agreement would only be subordinate to the confession. We think error was committed in the admission of said testimony. The state could not have availed itself of appellant's failure to testify against the person charged with the same offense as an evidence of his guilt of the offense charged against him or as destructive of his defense that the confession offered in evidence was not freely or voluntarily made. The appellant had the legal right not to testify as a witness in the case against the said E. E. Barnes and said fact was not admissible to go before the jury in determining the guilt of appellant and his failure to testify could not be considered as an inculpatory fact against him. In the case of Eads v. State, 66 Texas Crim. Rep., 548, 147 S. W., 592, it was held improper to refer to the fact that the accused failed to testify in an examining trial. In Swilley v. State, 73 Texas Crim. Rep., 619, 166 S. W., 733, it was held improper to ask the accused whether he had testified at a hearing on habeas corpus at a former time. It was held in Brown v. State, 57 Texas Crim. Rep., 269, 122 S. W., 565, that it was reversible error for the prosecuting attorney to ask the accused whether he had testified on a former trial even though the court on request withdrew the matter from the consideration of the jury. In the case of Hardin v. State, 55 Texas Crim. Rep., 631, it was held that after appellant's brother had testified in the case that appellant and not he stabbed deceased, the state on cross-examination asked said witness whether he, Richard Hardin, had ever testified in his own case where he was charged with killing one Munro, which the record shows had been tried three separate times, to which question

the defense objected on the ground that even if Richard Hardin never testified in his own case it was immaterial, irrelevant, incompetent, and prejudicial to the defendant, Walter Hardin; that Richard Hardin had the legal right not to testify in his own case and such fact could not be considered by the jury nor alluded to by the jury in determining the guilt of the said Richard Hardin, and the failure to do so should not be considered as an inculpatory fact against him, and it was held that said testimony was clearly inadmissible for any purpose.

It is also shown by another bill of exception that the district attorney used said testimony about the failure of the appellant to testify as a witness against E. E. Barnes as a reason why said appellant should not have the benefit of a suspended sentence, and in his argument to the jury used the following language: "If I ever at any time thought this man was worthy of a suspended sentence, that thought would have been removed when he violated his agreement and got on the witness stand and refused to testify." The bill shows that said argument referred to the refusal of the appellant to testify as a witness against E. E. Barnes in reference to the theft of the head of cattle. We think this argument was improper, and that taken together the two bills of exception herein discussed manifest reversible error.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON STATE'S MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state has filed a motion for rehearing presenting the matters upon which the reversal was predicated in a different light than occurred to us at the time our original opinion was considered.

Appellant objected to the introduction of his written confession on the ground that it was not voluntary, but had been secured by inducements held out to him by the district attorney who took the confession. Appellant sought to have the jury recommend a suspended sentence. The state resisted it. Mr. Henry Bradford, an uncle of appellant, was called by him as a witness. He was present with appellant when the confession was taken. Among other things, he testified on direct examination: "* * * Yes, he (referring to Mr. Dean, the district attorney) said something about a suspended sentence; Mr. Dean

said, if the grand jury bills you, I might have to try you, but I would recommend a suspended sentence if I do. It was my impression that Mr. Dean represented that a suspended sentence would be the worst he (appellant) would get."

Upon cross-examination by Mr. Dean, the district attorney, the witness said: "* * * you told him that you were after Eph Barnes, and you told him that you wanted him to testify against Eph Barnes, and he agreed to do it, and agreed to tell the whole truth. You asked him who all was in that, and he told you it was him and Eph Barnes. You also told him at that time that Eph Barnes was the man you wanted to send to the penitentiary, and that you wanted to use his (defendant's) testimony, and he agreed to testify, and you told him that if he would come in and do what he said and testify against Eph Barnes, so the State could send Barnes to the pen, you would see that he got a suspended sentence; that is exactly what you said. Yes, you also told him that you could not make him any promise about signing the confession, but you would promise that if he would testify for the State, that you would grant him immunity, and he signed the statement, and told you all that you wrote down."

On redirect examination he testified: "You ask me to state whether or not Mr. Dean, in telling the defendant that if he would sign the statement, put any other qualification in there besides the fact that if he would sign that statement he would stay with him—no, nothing only what I have mentioned. He told him that if he would sign that statement and testify against Barnes, he would grant him immunity, and would see that he got a suspended sentence if he was tried. No, he did not tell him he would have to testify against Barnes before he would stay with him."

On recross-examination, he testified: "Yes, you discussed the fact that Barnes was the man you wanted, and that Elbert Bradford was going to testify against him, that was understood and agreed to."

From the testimony quoted it is clear that the jury might have found that the district attorney had promised appellant that if he would testify against Barnes the district attorney would recommend a suspended sentence for appellant. The jury knew the district attorney was not recommending a suspended sentence, but was resisting it. They could not know in the absence of testimony upon the point that appellant had failed to carry out his part of the agreement. If the state's evidence had been rejected to the effect that upon the trial of Barnes the district attorney called appellant as a witness and he re-

fused to testify, the state would have been left in the light of having through its representative acted fraudulently, or at least of having made an agreement that it did not carry out. In fairness to the state, under the peculiar circumstances of this case, it was properly permitted to show why it was not carrying out an agreement which the testimony tended to show was made.

It has been said by this court that if the state makes a contract with a defendant for immunity from prosecution in consideration of his turning "State's evidence" it is due the dignity of the state that the contract be carried out in good faith. Bowden v. State, 1 Texas App., 145, Branch's Ann. Tex. P. C., sec. 638. On the other hand, it has also been held that an agreement to turn state's evidence will not bar a prosecution where the agreement is violated by a refusal to testify. Neeley v. State, 27 Texas App., 324. Many other authorities are cited in Branch's Ann. Tex. P. C., sec. 638. While in the present case no plea of immunity against prosecution was interposed, there was placed before the jury evidence tending to show an agreement on the part of the state's representative to recommend a suspended sentence—which is close akin to immunity—and the state should not have been denied the right to show that if any such promise was made it was upon a condition which appellant failed to carry out.

"Whatever material facts are introduced that tend to affect an issue in the case, the other side has a right to deny, contradict or explain that testimony, showing its falsity, or breaking its force and effect in any legitimate way."

Branch's Ann. Tex. P. C., sec. 97, p. 62, under which many authorities are cited, among them being Russell v. State, 11 Texas App., 288, which discusses the general principle announced. It will scarcely be questioned that evidence put in the record by appellant to the effect that the district attorney had agreed to recommend a suspended sentence would tend to affect that issue before the jury, unless the failure to carry out the agreement was explained.

Having reached the conclusion that we were in error originally in predicating a reversal upon the complaint in bill of exception number eleven, and the argument with reference to the same matter, the state's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.

*Affirmed.*

## ON DEFENDANT'S MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant renews his complaint, set out in bill of exceptions 11, of the fact that the state in its rebuttal was permitted to prove that on the trial of E. E. Barnes, this appellant was offered as a witness by the state and refused to testify. The bill is odd. It sets out what appellant did when the above testimony was given, as follows: "The defendant then moved the court to strike from the record the testimony elicited by questions and answers in reference to the failure of the defendant herein, who had not and who did not in this trial take the stand as a witness, and then and there moved the court to dismiss the jury and declare a mistrial and grant to the defendant a new trial herein at this time for the reason that the testimony of the witness brought before the jury the fact that in the E. E. Barnes case the defendant herein refused to testify."

Whether it was material on the trial of this appellant to prove that he refused to testify in the Barnes case,—is a matter wholly ignored in the bill. To whom,—if anyone,—the district attorney had suggested that it would be easier on defendant if he would testify against Barnes, is also left wholly in the dark. Judge Hawkins, in his opinion, supra, has advanced a seemingly sound reason for the admission of the testimony of Judge Hamlin, complained of in said bill of exceptions. His conclusion is now attacked by appellant on the proposition that the state and not the defense had elicited from Henry Bradford, defense witness, that the district attorney had agreed to recommend a suspended sentence for this appellant. The quotation first made in the opinion of Judge Hawkins from Mr. Bradford's testimony shows that the defense brought out from this witness on direct examination that the district attorney had promised to recommend a suspended sentence for this appellant. This made it imperative for the state to go further, if it could, on cross-examination of this witness, and show why the representative of the state was not doing, upon the instant trial, what it had promised this appellant it would do in the hearing of witness Bradford. The state could not make such showing without the testimony of Judge Hamlin here objected to. The condition of bill of exceptions 11 is such that the discussion might have been obviated. The bill plainly is not sufficient to show that the testimony objected to was either objectionable for any reason or hurtful.

In his motion for rehearing appellant brings forward certain objections to the charge of the court not discussed in our former

opinion. This court is plainly forbidden by the provisions of article 666, C. C. P., to reverse any criminal case for errors in the charge, unless it is of the opinion that such errors were of sufficient gravity to make it reasonably appear that there was likelihood of injury to the rights of the defendant from same, or to make it appear that defendant had not had a fair and impartial trial. The objections referred to relate to the charge on suspended sentence, and a misstatement of the penalty in charging on suspended sentence. Objections to the charge as erroneous and calling for a reversal must be considered in the light of the facts of the particular case. The evidence in the case before us showed overwhelmingly, and practically without contradiction, the guilt of this accused. We do not believe any of the matters suggested as erroneous in the charge were of such character as that same could be looked upon as hurtful or injurious to the rights of the accused. We think the argument complained of not such as to cause reversal.

The motion for rehearing will be overruled.

*Overruled.*