# MARCH 24, 1937

HUMBERTO BOONE V. THE STATE.

No. 18880.   Delivered March 24, 1937.

The opinion states the case.

*Arthur C. Gonzalez,* of Del Rio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of sodomy, and his punishment was assessed at confinement in the state penitentiary for a term of fifteen years.

The testimony for the State shows that about dark on the

9th day of August, 1936, appellant asked a Mexican boy, who was about eleven years of age, to go with him to a vacant house in the city of Del Rio; that after they had entered the building appellant had an act of carnal intercourse with him; that during the commission of the act, he, the boy, hollered which attracted the attention of persons in the vicinity of the building who summoned the officers to the scene. Appellant was arrested before he left the building and taken to jail where he remained confined until after his trials. The only complaint which he makes is that the court erred in overruling his motion for a new trial based on newly discovered evidence. The record shows that appellant was indicted on the 24th day of September; that on the morning of October 1, at about nine P. M., the presiding judge appointed John L. Dodson and Bert Coleman, two practicing attorneys of said bar, to represent appellant upon his trial. It is alleged in the motion and supported by the testimony of Dr. Ross that soon after the commission of the alleged offense that the doctor, at the request of the sheriff, went to the jail and examined the alleged injured boy, but found no evidence of traumatism, injury, or bleeding; that if there had been any penetration, there would have been bleeding; that he found a slight irritation of the external rectum; that his examination of the boy's rectum disclosed that no entry had been made. The examination was made by an artificial light for the purpose of ascertaining whether sodomy had been committed. The doctor concluded from the slight irritation that there had been an attempt to commit sodomy. The doctor's finding was disclosed to the sheriff and county attorney, but the defendant and his attorneys had no knowledge thereof; nor did the sheriff or county attorney disclose the matter to them either at the first or second trial. These matters are uncontroverted. It is obvious that the doctor's testimony was material, relevant, and pertinent to the matter under investigation. It was also alleged in the motion that a short time after the alleged occurrence Dario Cuellar, Jesus Rodriguez, and Oscar Frausto asked the alleged injured party what appellant did to him. His reply was, "Nothing, he tried to." Appellant and his attorneys had no knowledge thereof until after his trials. That appellant was not remiss in the exercise of proper diligence is shown by the fact that he was confined in jail and had no opportunity to interview any witness. His attorneys were appointed by the court at the beginning of his first trial which resulted in a disagreement of the jury. The second trial began on the day

following the mistrial, but neither the sheriff, the county attorney, nor the alleged injured boy made any mention of the newly discovered facts either in or out of court. Whether intentionally or unintentionally is of no moment as the result was the same in either event. The testimony as given by Cuellar, Rodriguez, and Frausto upon a hearing of the motion was also unknown to appellant and his attorneys until after his conviction. We think a due administration of the law and a proper regard for the rights of the appellant demand that he be given the benefit of the newly discovered testimony. In our opinion the court's action in overruling the motion, in the light of the facts before him, was error and in support thereof we refer to the case of Scroggins v. State, 263 S. W., 303.

For the reasons hereinabove indicated the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.